UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VALERIE L. FLORES,<br><br>                Plaintiff,<br><br>          -against-<br><br>UW CREDIT UNION; LABOR INDUSTRY REVIEW COMMISSION; STATE OF WISCONSIN; DEPARTMENT OF WORKFORCE DEVELOPMENT EQUAL RIGHTS DIVISION,<br><br>                Defendants. | 24-CV-5468 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se* seeking leave to proceed *in forma pauperis*.[1] Plaintiff brings suit against the State of Wisconsin and other entities for whom she provides addresses in Madison, Wisconsin. For the following reasons, this action is transferred to the United States District Court for the Western District of Wisconsin.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] Plaintiff has filed numerous *pro se* actions in this district and others around the country. She uses a post office box in Albany, New York, through an address confidentiality program, as her mailing address. Plaintiff recently filed suit seeking dismissal of pending criminal charges against her and release from incarceration. *See Flores v. Vang*, No. 24-CV-4536 (LTS) (S.D.N.Y.).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that she has been "discriminated against" and her rights "as a consumer" have been violated. (ECF 1 at 2.) Plaintiff has not pleaded facts about whether any defendant is subject to personal jurisdiction in New York, but she provides addresses for all Defendants in Wisconsin. It therefore appears that venue is not proper in this district under Section 1391(b)(1) based on the residence of defendants.

Plaintiff also does not plead any facts suggesting that any of the events giving rise to her claims took place in New York. Instead, Plaintiff discusses the complaints that she filed with the State of Wisconsin Department of Workforce Development in Madison, Wisconsin. (*Id.* at 2.) It therefore does not appear that venue is proper in this district under Section 1391(b)(2) based on the location where the claims arose. Madison, Wisconsin, is in Dane County, located in the Western District of Wisconsin. *See* 28 U.S.C. § 130(b). Venue of Plaintiff's claims therefore is proper in the United States District Court for the Western District of Wisconsin under Section 1391(b)(2).

Whether or not venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Transfer appears to be appropriate in this case. Accordingly, the Court transfers this action to the United States District Court for the Western District of Wisconsin. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Wisconsin. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 19, 2024
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge