UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE L. FLORES,

                    Plaintiff,

          -against-

UW CREDIT UNION, et al.,

                    Defendants.

24-CV-5468 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated July 19, 2024, the Court transferred this action to the United States District Court for the Western District of Wisconsin. (ECF 4.) Nearly one year later, on May 2, 2025, Plaintiff filed a motion to seal this action. (ECF 5.) For the reasons set forth below, the Court denies the motion.

## DISCUSSION

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969).[1] *See also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the

---

[1] Moreover, "[e]ven where the issue is lack of power, those attacking a transfer order should move swiftly for interim relief." *In re Robinson*, 198 F. App'x 71, 72 (2d Cir. 2006).

transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect" ).

Here, the transferee court acknowledged receipt of this transferred action on August 5, 2024, and Plaintiff's motion to seal was filed long after. Thus, this Court does not have jurisdiction to consider the motion to seal.[2]

### CONCLUSION

The Court denies Plaintiff's motion to seal (ECF 5) because the Court lacks jurisdiction to consider it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 8, 2026
          New York, New York

                              /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                            Chief United States District Judge

---

[2] In Plaintiff's motion, she asks the Court to seal "the entirety of the case," including the case caption, and to have references to her case deleted from internet search engines. The only asserted basis for Plaintiff's motion is "various job related reasons." (ECF 5.) Even assuming that the issue of sealing the records of this action could be considered an administrative matter that this court retains the power to address, Plaintiff's application does not establish any basis for sealing her entire case, or any part thereof.